

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00187-CR
_____

DELZIONE LAMAR GLEESE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2329840

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Delzione Lamar Gleese pled guilty to evading arrest or detention with a vehicle. Pursuant to a plea agreement with the State, which the trial court accepted, the trial court sentenced Gleese to ten years' imprisonment. Despite the trial court's certification that this was a plea-agreement case and that Gleese had no right of appeal, Gleese timely filed a notice of appeal. Because we find that we are without jurisdiction over this cause due to Gleese's plea bargain with the State, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)      . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A)      those matters that were raised by written motion filed and ruled on before trial,
>>
>> (B)      after getting the trial court's permission to appeal, or
>>
>> (C)      where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).  There is no indication in the record before this Court (1) that this specific appeal is expressly authorized by statute, (2) that Gleese raised matters by written motion that was filed and ruled on before trial, or (3) that Gleese obtained the trial court's permission to appeal.  To the contrary, the trial court's certification of Gleese's right of appeal indicates that he has no right of appeal.  Pursuant to Rule 25.2(d) of the Texas Rules of Appellate

2

Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On October 10, 2023, we informed Gleese of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Gleese provided no response to our communication.

Because Gleese has no right of appeal due to his plea agreement with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Chief Justice

Date Submitted:     November 15, 2023
Date Decided:        November 16, 2023

Do Not Publish

3